UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DEVI TSITSOUACHVILI,** | Civil Action No.  25-16875 (KSH) |
| Petitioner, | |
| v. | **MEMORANDUM & ORDER** |
| **LUIS SOTO, et al.,** | |
| Respondents. | |

Petitioner Devi Tsitsouachvili is a noncitizen from Georgia who alleges that he "stateless" (Petition at ¶ 1) and cannot be removed from the United States. Petitioner alleges that he entered the United States lawfully from the former Soviet Union on December 25, 1990, and was granted asylum in 1997. (*Id.* at ¶¶ 3-4.) In 2001, he was convicted of an aggravated felony and ordered removed on September 28, 2005, based on that conviction. (*Id.* at ¶¶ 5-6; *see also* Exhibits B&C.) According to the Petition, he was previously detained by ICE in 2005 after serving his criminal sentence and was released in 2006 on "Deferred Action" status after DHS allegedly conceded that he could not be removed. (*Id.* at ¶¶ 6-7; *see also* Exhibits D&E.) On October 20, 2025, he was arrested at a routine check-in and taken to Delaney Hall in Newark, New Jersey. (*Id.* at ¶ 10.) His counsel filed this Petition two days later. (ECF No. 1.)

Petitioner alleges that DHS is attempting to remove him but also alleges that his removal is not reasonably foreseeable because he is stateless. (*Id.* at ¶ 11.) He further alleges that his detention without bond violates the Immigration and Nationality Act ("INA") and his right to due process of law. (*Id.* at ¶¶ 12-13.) Petitioner asks the Court to grant his Petition and order his immediate release on an order of supervision, or, alternatively, a bond hearing. (*Id.* at ¶ 14.)

Petitioner appears to be detained under 8 U.S.C. § 1231, which applies to noncitizens who have a final order of removal. Section 1231(a)(1)(A) states that "when [a noncitizen] is ordered to be removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." If the noncitizen is not removed after the 90-day period expires, she "may be detained beyond the removal period and, if released, shall be subject to the terms of supervision" outlined in the statute. 8 U.S.C. §§ 1231(a)(1), (6) (emphasis added). In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held that the INA's post-removal-period detention provision contains an implicit reasonableness limitation of six months, after which a noncitizen may not continue to be detained if "there is no significant likelihood of removal in the reasonably foreseeable future." Although petitioner's current detention of approximately one week would not be presumptively unreasonable under *Zadvydas* or violate due process, his removal may be significantly unlikely in the reasonably foreseeable future in light of his claim that he is stateless.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court is required to examine a habeas petition prior to ordering an answer and dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court"). The Court has examined this Petition and determined that dismissal prior to the answer is not warranted.

The Petition also asks the Court to issue an OTSC, arguing that his detention violates the INA and his right to Due Process, and refers to 28 U.S.C. § 2243, which states that "the writ . . .

shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." Multiple courts in this District have found that Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("Habeas Rules"), provides the Court with more flexible time limits for ordering an answer and supersedes the time limits of 28 U.S.C. § 2243 to the extent there is a conflict.[1] *See Iremashvili v. Rodriguez*, No. 15-6320, 2017 WL 935441, at *2 (D.N.J. Mar. 9, 2017); *Capozzi v. Fed. Bureau of Prisons*, No. 21-19533, 2021 WL 5881587, at *1 (D.N.J. Dec. 13, 2021); *Schumaker v. Knight*, 23-20834, 2024 WL 866347, at *1 (D.N.J. Feb. 29, 2024). The Court agrees and denies Petitioner's request for an Order to Show Cause under § 2243.

Instead, Respondents are directed to answer the Petition within 21 days pursuant to the Court's authority under the Habeas Rules. Petitioner may file his reply brief within 21 days thereafter. The Court otherwise denies without prejudice the request for an OTSC because the Court is unable to determine whether Petitioner's current detention and/or potential removal is unlawful without the record and appropriate briefing. The Court will decide the Petition on the merits once the briefing is complete.

**THEREFORE**, it is on this 28th day of October 2025,

**ORDERED** that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and determined

---

[1] Federal procedural rules, which are promulgated by the U.S. Supreme Court and approved by Congress, have the force of statute. *See* 28 U.S.C. § 2072; *Sempier v. Johnson & Higgins*, 45 F.3d 724, 736 (3d Cir. 1995); *United States v. Christian*, 660 F.2d 892, 899 (3d Cir. 1981). Indeed, § 2072 explicitly states that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). And "[w]here a Rule of Civil Procedure conflicts with a prior statute, the Rule prevails." *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 589 n.5 (1947).

that dismissal of the Petition prior to submission of an answer and the record is not warranted; and it is further

**ORDERED** that the Clerk of the Court shall serve copies of the Petition and this Order upon respondents by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that within 21 days, respondent shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record; and it is further

**ORDERED** that respondent shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to petitioner's claims; and it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that petitioner may file and serve a reply in support of the Petition within 21 days after the answer is filed; and it is further

4

**ORDERED** that petitioner's request for an OTSC is otherwise denied without prejudice (ECF No. 2); and it is further

**ORDERED** that within 7 days after any change in petitioner's custody or immigration status (be it release or otherwise) <u>occurring any time during the pendency of this case,</u> respondents shall electronically file a written notice of the same with the Clerk of the Court.

<u>s/Katharine S. Hayden</u><br>
Katharine S. Hayden, U.S.D.J.