UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DEVI TSITSOUACHVILI,** | Civil Action No. 25-16875 (KSH) |
| Petitioner, | |
| v. | ORDER |
| **LUIS SOTO, et al.,** | |
| Respondents. | |

  This matter has proceeded apace since the Court entered an order pursuant to its authority under the All Writs Act, 28 U.S.C. § 1651(a), D.E. 7, prohibiting Respondents from removing Petitioner, who has a final order of removal dated September 28, 2005 but is assertedly stateless, on Sunday, November 16, 2025, and ordering jurisdictional briefing. Pertinent now are the most recent filings. Yesterday at close of business, Respondents responded in a letter, D.E. 14, to this Court's Order, D.E. 12, that they will not be producing the testimony or any other evidence next week that the Court requested. D.E. 14.

  In D.E. 12, the Court found that "SSDO Williams's Declaration is insufficient to support Petitioner's continued detention in light of the information already provided by both sides (D.E. 1, 2, 5, 8, 11) and requires further evidence from the government in the form of SSDO Williams's testimony and that of any other DHS/ICE official." Now counsel for Respondents writes that they rest on their papers, and that "Respondents respectfully stand on the record submitted to the Court, notwithstanding the Court's preliminary finding" that the record is insufficient to support continued detention. Anticipating the Court will rule in favor of Petitioner, D.E. 14 goes on to request that any order to that effect provide for Petitioner's release from

Delaney Hall, where he is currently detained, rather than from the courtroom, for practical reasons, including ICE's "expeditious[]" processing of his release.

Petitioner's challenge to his detention under 8 U.S.C. § 1231(a) is governed by *Zadvydas v. Davis*, 533 U.S. 678 (2001), which sets forth certain parameters, well familiar to all by this point, for detention before and after a 90-day statutory removal period. *Id.* at 683, 689, 699, 701. *See also Alexander v. Att'y Gen.*, 495 F. App'x 274, 276 (3d Cir. 2012). Petitioner was previously detained pursuant to his final order of removal but was released from ICE custody on February 28, 2006. (D.E. 1-5, Exhibit E.) Given that information, to succeed now he is required to, and did, present the Court with "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" *Alexander*, 495 F. App'x at 276, that is, the record before the Court shows that there is no reasonable likelihood that he will be removed to Georgia. Respondents have not submitted or revealed a plan for removal to Georgia and their "recent engagement" to discuss that possibility or potential third country removal without specificity or a timeframe does not rebut Petitioner's showing.

Accordingly, Petitioner shall be RELEASED immediately from ICE custody on an order of supervision. Petitioner's conditions of supervision shall be those that were in effect immediately prior to his arrest and detention by ICE on October 20, 2025, with no addition of a GPS monitoring condition. Respondents shall advise the Court of the date and time of Petitioner's release, at which time the Court intends to close this matter. Petitioner's request for summary judgment, D.E. 15, is moot in light of this order granting release.

**SO ORDERED** this 4th day of December, 2025.

*s/Katharine S. Hayden*
Katharine S. Hayden, U.S.D.J.